Ruffin, Judge.
 

 — This cause might weli be decided upon its particular circumstances j since the agreement of the. parties, mentioned in the pleadings, would con • cludethem, and the judgment at Law is upon that, agree” ment.
 

 
 *471
 
 But it may be serviceable (o the profession and the community generally, for tlie Court at once to declare the hnv upon the general question made | as the whole Court has a clear opinion on it.
 

 That question is? whether a notice of an unregistered mcrígag.' or deed of trust, acquired by a creditor by judgment of the mortgagor, before a sale on his execution, a Scots the creditor, and sets up the deed. And we think oat. Thereis.no equity against a creditor, restraining him from using all legal «Means tc obtain a preference, and ultimate satisfaction of his deists The period of contracting the debt is wholly immaterial. One creditor may justly obtain satisfaction, although he knows that he thereby deprives his debtor of the means of paying a debt previously contracted. Nothing but the actual divesting of the debtor’s estate, or a specific valid
 
 Ken
 
 on it at Law, can defeat a creditor. If he obtains his execution before art eider debt is ripened into judgment, he may satisfy himself. If he gets the. lega? preference by his execution, helóte a credit.!»»1 by «.mortgage perfects his title by registration, he may likewise, satisfy him-self, Each hits an equal equity, and one has the law. He may keep it. The case of a purchaser is entirely different. fie has no equity, if he buys
 
 \\
 
 hat he knows another cannot rightfully sell. lie claims under the mortgagor, by ip-contract male in fraud of another. Be is not obliged to lay out his money, and does it at a risk. 31 creditor claims against both moidga--fc-gor atid mortgagee, amkf&rsceking, not to deprive another ol'Uis rights,-hut to save’'himself.. In such :i storm, ho who can lay hoTcHií aplank, by getting the advantage at Law; shall not lie deprived of it. As' against a creditor, the deed is tibí valid until registration ; and if it he not registered befdre the
 
 ieste
 
 of the creditor’s execution, it does not stand in bis way.
 

 Per Curiam.
 

 Let the- bill be dismissed with costs.